IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NORTHWESTERN UNIVERSITY, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| v. | ) C.A. No. 21-149 (JLH) |
| | ) |
| UNIVERSAL ROBOTS A/S and | ) |
| UNIVERSAL ROBOTS USA, INC., | ) |
| | ) |
| Defendants. | ) |

**JUDGMENT FOLLOWING JURY VERDICT**

This action was tried by a jury. Northwestern University ("Northwestern") alleged that Universal Robots A/S and Universal Robots USA, Inc. (together, "Universal Robots") infringed U.S. Patent No. 6, 928,336 (the '336 patent), U.S. Patent No. 6,917, 317 (the '317 patent), and U.S. Patent No. 5,120,508 (the '508 patent) (together, the "Asserted Patents."). Universal Robots asserted an affirmative defense of patent invalidity for the Asserted Patents.

The jury reached a verdict on September 19, 2024, finding that: (1) Northwestern proved by a preponderance of the evidence that Universal Robots directly infringed claims 10 and 23 of the '336 patent, claim 21 of the '317 patent, and claim 4 of the '508 patent; (2) Universal Robots did not prove by clear and convincing evidence that claims 10 and 23 of the '336 patent were invalid as anticipated; (3) Universal Robots did not prove by clear and convincing evidence that claim 21 of the '317 patent or claim 4 of the '508 patent were invalid for obviousness; (4) Universal Robots did not prove by clear and convincing evidence that claims 10 and 23 of the '336 patent, claim 21 of the '317 patent, or claim 4 of the '508 patent were invalid for lack of adequate written description; (5) Northwestern is entitled to damages of $6.6 million; and (6) Northwestern did not

prove by a preponderance of the evidence that Universal Robots willfully infringed the Asserted Patents.

IT IS ORDERED that judgment in the amount of $6.6 million is entered in favor of Northwestern and against Universal Robots, in accordance with the jury's verdict.

This judgment shall have the effect of denying as moot all other pending motions made by the parties pursuant to Rule 50(a) of the Federal Rules of Civil Procedure. The judgment is subject to modification following the Court's consideration of the parties' post-trial motions.

Consistent with D. Del. L.R. 54.1(a), the deadline for the prevailing party to file a bill of costs shall be within 14 days after the time for appeal has expired or within 14 days after issuance of the mandate from the appellate court.

IT IS SO ORDERED this __2__ day of October, 2024.

_____
The Honorable Jennifer L. Hall
United States District Court Judge